**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY LINDSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 21 CV 03156 |
| | ) | |
| CITY OF CHICAGO, an Illinois | ) | Judge |
| Municipal Corporation, | ) | |
| | ) | |
| Defendant. | ) | DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plaintiff, Anthony Lindsey ("Lindsey"), by and through his attorneys, the Law Offices of Paul D. Geiger, hereby complains against Defendant, City of Chicago ("City"), as follows:

**NATURE OF THE ACTION**

1.      This is an action pursuant to the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.,* ("FMLA"). Lindsey alleges that the City retaliated against him for the exercise of his rights under the FMLA by terminating him upon a return from leave covered under the FMLA.

**JURISDICTION AND VENUE**

2.      Jurisdiction over this action is conferred on this Court by 28 U.S.C. §§1331, 1343, and 1367(a), 29 U.S.C. § 2601, and 28 U.S.C. §§2201 and 2202.

3.      Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) in that, substantial parts of the events or omissions giving rise to the claims herein occurred in the Northern District of Illinois, Eastern Division.

## THE PARTIES

4.      Plaintiff Anthony Lindsey was, at all relevant times, a citizen and resident of Cook County, Illinois, and was, at all relevant times, employed by Defendant, City of Chicago, at the City's Office of the City Treasurer in Chicago, Illinois.  Plaintiff is an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611(2).

5.      Defendant City of Chicago qualifies as an "employer" as defined in the FMLA, 29 U.S.C. § 2611(4).

## FACTS COMMON TO CLAIMS

6.      Plaintiff Anthony Lindsey began his employment with Defendant in December of 2006 as a Policy Analyst & Intergovernmental Affairs Liaison in the Defendant's Department of Family and Support Services ("DFSS"). Plaintiff's primary job duties were to attend to DFSS's legislative affairs, analyze public policy issues that affected the population served by DFSS, and act as the liaison between DFSS, elected officials and other governmental agencies.

7.      In August of 2019, Anthony Lindsey transferred departments and took the position of Assistant City Treasurer/Community Affairs Manager with the Office of the City Treasurer ("CTO"). Plaintiff's primary job duties were to act as the liaison between CTO and the City Council, other elected officials, other governmental agencies, and attend City Council meetings and various City Council Committee meetings on behalf of the CTO and to promote CTO initiatives, events, and programs.

8.      On June 4, 2020, Anthony Lindsey unexpectedly and proudly became a foster parent of a newborn relative and requested paternity leave in accordance with the FMLA.

9. Following the birth of the child and his decision to become a foster parent, Anthony Lindsey notified the CTO of his intent to take FMLA leave to be with the baby during its first weeks of life.

10. Upon notifying Ashley Evans, Chief Impact Officer of CTO and Lindsey's team leader that he was planning on taking FMLA parental leave, she expressed disappointment with his request because he did not warn CTO that he would be taking leave and CTO had no time to plan for his extended departure. She communicated this via email. She also told him his request for FMLA leave indicated lack of "desire to continue to play a role on the team" and demonstrated "a severe lack of professionalism and/or lack of respect for [her] as a leader."

11. Additionally, on June 6, 2020, Anthony Lindsey received an email from the City's Human Resources Department, via Tyler Sherer, HR Liaison for CTO, notifying him that there was nothing in the City's policy for paid time leave that indicated that the policy was applicable to foster parenting.

12. Given the accusations and pushback from Anthony Lindsey's team leader and the receipt of incorrect information from the City's HR Department and Tyler Sherer, Lindsey elected not to pursue FMLA parental leave at that time.

13. However, on or about July 7, 2020, Anthony Lindsey again checked with Tyler Sherer to determine if he could take FMLA parental leave as a foster parent. Initially, Mr. Sherer pointed to the information he received from the HR Department as a basis for denying Lindsey FMLA parental leave. But after Mr. Lindsey requested Mr. Sherer to review the City's FMLA policy, Mr. Sherer agreed with Mr. Lindsey that he was eligible to take FMLA leave as a foster parent.

14.     On or about July 10, 2020, Anthony Lindsey commenced taking FMLA parental leave which ended on or about August 28, 2020.

15.     The day of his return from FMLA leave, Anthony Lindsey was told by CTO leadership that he was being terminated from his position at CTO and that he should not return to work.

16.     Anthony Lindsey was informed by CTO leadership that he would be placed on a City of Chicago "Do Not Rehire" list if he refused to submit his resignation and was thereafter terminated from his employment at the CTO. Additionally, Lindsey's understanding was that if he were terminated and still able to take another position with the City, his benefits would expire, and he would be treated as a new employee subject to a probationary period.

17.     On September 2, 2020, Anthony Lindsey submitted a resignation letter under duress, indicating that his last day of working at the CTO would be September 15, 2020, and that on September 16, 2020, he would be taking a new position working for the City as an employee of the Office of 3rd Ward Alderman, Pat Dowell.

18.     Although Anthony Lindsey is appreciative of the employment opportunity Alderman Dowell has provided him, Lindsey makes less than half of his salary he made working for the CTO. Indeed, Mr. Lindsey's current salary working for the Alderman is approximately $40,000/year, while his salary at CTO was approximately $85,000/year.

19.     Prior to Plaintiff's termination on September 15, 2020, he was performing his duties working for CTO in a satisfactory to exemplary manner.

20.     It was only after Plaintiff first requested FMLA leave in 2020 that the CTO began investigating Plaintiff's work and started constructing a false narrative that Plaintiff was an unproductive, disgruntled employee.

21.     Defendant's conduct, as set forth in this Complaint, was intentional, willful, and in reckless disregard of Plaintiff's rights under the FMLA.

## COUNT I: VIOLATION OF FAMILY MEDICAL LEAVE ACT
## 29 U.S.C. §2601 *et seq*. —RETALIATION

22.     Anthony Lindsey incorporates by reference Paragraphs 1 through 21 of this Complaint.

23.     As a result of exercising his rights under the FMLA, Anthony Lindsey suffered an adverse employment action and was terminated from his employment at CTO and the City retaliated against Lindsey for taking FMLA parental leave.

24.     There is a causal connection between Anthony Lindsey's protected FMLA activity and the adverse employment action taken by the City.

25.     The City knowingly and deliberately engaged in intentional violations of the FMLA and further, acted with malice and/or with reckless indifference to Lindsey's rights under the FMLA.

26.     As a direct and proximate result of the City's adverse actions, Lindsey has suffered injury, including lost wages, loss of employment-related benefits, mental and emotional distress, and out-of-pocket expenses in accordance with 29 U.S.C. § 2617 of the FMLA.

WHEREFORE, Plaintiff, ANTHONY LINDSEY, prays for judgment in his favor and against CITY OF CHICAGO and seeks the following relief:

A.      A declaratory judgment against the City, finding that the City violated Lindsey's rights under the FMLA by retaliating against him and ultimately terminating him;

B.      That Lindsey be made whole by awarding him equitable monetary relief in the form of back pay and front pay and also award liquidated damages for the City's violations of the FMLA;

C.      That Lindsey be awarded his attorneys' fees, costs and non-taxable expenses, in accordance with 29 U.S.C. §2617(a)(3);

D.      Pre-judgment and post-judgment interest on all monetary amounts awarded in this action, as provided by law; and

E.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury on all questions of fact raised by the Complaint.

Dated: June 11, 2021                                    Respectfully Submitted,

                                                       *s/ Paul D. Geiger*
                                                       PAUL D. GEIGER

Law Offices of Paul D. Geiger
Paul D. Geiger
Ronald C. Dahms
540 W. Frontage Road, Suite 3020
Northfield, IL 60093
(773) 410-0841